PER CURIAM:
Claimant, Anita Geraldine Priest, seeks an award of $363.55 from respondent, Division of *50 Highways, for damage to her vehicle, a 1991 Geo Storm. On September 21, 1995, a hearing was held in which both parties appeared before the Court to present evidence related to this claim. Thereafter, this claim was submitted to the Court for determination.
The evidence adduced at the hearing of this claim established the following facts. On May 13, 1994, at 9:30 p.m., James Michael Priest was traveling on County Club Road, in Marion County. Mr. Priest was driving claimant's vehicle approximately 25 miles per hour when it struck a hole in the road. The hole was located right of center of Mr. Priest’s lane. Mr. Priest estimated the hole was two feet long, one foot wide, and several inches deep. At the time of the incident, driving conditions were rainy and dark. According to Mr. Priest, he was unfamiliar with this road and could not see the hole because it was filled with water. As a result of the incident, claimant's vehicle sustained damage in the amount of $363.55.
Jim Costello, a county road superintendent for respondent, testified he is responsible for supervising a work force to maintain roads in Marion County. According to Mr. Costello, Route-19/22, also known as County Club Road, was repaired on April 8, 1994, with hot mix patching material. In addition, Mr. Costello also testified that respondent operates a maintenance station along Country Club Road which is approximately one-half mile from the location of the hole.
In West Virginia, the law is well established that for respondent to be held liable for damage caused by a road defect, it must have had either actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986).
The facts in this claim indicated that respondent's road crews had traveled over Country Club Road performing patching work approximately one month prior to the accident. Moreover, the hole was located very close to respondent's maintenance office where it was likely observed by respondent's employees. Therefore, after a careful review of the evidence, it is the opinion of the Court that respondent is liable for the damage to claimant's vehicle. The Court hereby makes an award to claimant in the amount of $363.55.
Award of $363.55.